UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SAMMANTHA NIEMEIER as Special Administrator of the Estate of JEFFREY CARTER,

        Plaintiff,

vs.

THE VONS COMPANIES, INC., *et al.*,

        Defendants.

Case No.: 2:22-cv-00665-GMN-VCF

**ORDER**

Pending before the Court is Plaintiff Jeffrey Edward Carter's[1] ("Plaintiff's") Motion to Remand, (ECF No. 8), and Amended Motion to Remand, (ECF No. 17). Defendant The Vons Companies, Inc. ("Defendant") filed a Response to the Amended Motion to Remand, (ECF No. 19), and Plaintiff filed a Reply, (ECF No. 20).

For the reasons discussed below, the Court **DENIES** Plaintiff's Amended Motion to Remand and **DENIES as moot** Plaintiff's Motion for Remand.[2]

I.    **BACKGROUND**

This is a premises liability action removed from state court. Plaintiff alleges that on February 16, 2020, while exiting Defendant's store, a flatbed trolley collided into him as a result of Defendant's employee's negligence. (Compl. ¶ 12, Ex. B to Resp. Am. Mot. Remand, ECF No. 19-2). Plaintiff further alleges that as a result of the collision, Plaintiff suffered

---

[1] Jeffrey Edward Carter passed away prior to the initiation of this lawsuit. (Compl. ¶ 3, Ex. B. to Resp. Am. Mot. Remand, ECF No. 19-2). Sammantha Niemier was appointed Special Administrator of the Estate of Jeffrey Edward Carter. *(Id.)*. Sammantha Niemier now brings the instant action on Jeffrey Edward Carter's behalf.

[2] Because Plaintiff filed an Amended Motion to Remand, Plaintiff's Motion to Remand is no longer operative. Accordingly, Plaintiff's Motion to Remand is DENIED as moot.

serious injuries, which required medical attention. (*Id*. ¶¶ 19–20, 30–32).  According to Plaintiff, Defendant had a duty to maintain the premises and breached this duty by failing to operate the trolleys in a safe manner. (*Id*. ¶¶ 16–18).  On July 1, 2020, Plaintiff sent Defendant a Demand Letter for medical damages. (*See generally* Demand Letter, Ex. A to Resp. Am. Mot. Remand, ECF No. 19-1).  The Demand Letter further specified that "Nevada statute requires that if an insurance company fails to accept a time limit/policy demand and the case results in a verdict in excess of the policy limits, the insurer is responsible for all of the harms and losses that befall their insured." (*Id*. at 2, Ex. A to Resp. Am. Mot. Remand).  The Demand Letter additionally stated that Plaintiff had incurred $21,358.63 in medical expenses. (*Id*. at 2–3, Ex. A to Resp. Am. Mot. Remand).

One-and-a-half years later, on February 11, 2022, Plaintiff filed the present Complaint in the Eighth Judicial Court of Nevada asserting the following causes of action: (1) negligence, and (2) negligent hiring, training, retention, and supervision. (Compl. ¶¶ 13–36, Ex. B to Resp. Am. Mot. Remand).  On March 2, 2022, Defendant was served with the Complaint. (*See generally* Decl. Serv., Ex. B to Pet. Removal, ECF No. 1-2).  On April 6, 2022, Plaintiff filed a Petition for Request Exemption from Arbitration ("REA"). (*See generally* REA, Ex. B to Pet. Removal, ECF No. 1-2).  On April 22, 2022, Defendant removed this action to federal court on the basis of diversity jurisdiction. (*See generally* Pet. Removal, ECF No. 1).  Plaintiff now seeks to remand to state court. (*See generally* Am. Mot. Remand, ECF No. 17).

II. **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted).

1    The federal removal statute provides that a defendant may remove an action to federal court based on federal question or diversity jurisdiction. 28 U.S.C. § 1441.  "The 'strong presumption against removal jurisdiction means that the defendant has the burden of establishing that removal is proper,' and the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

   To remove a state law civil action to federal court on the basis of diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a).  Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  Additionally, 28 U.S.C. § 1446 requires a removing defendant asserting diversity jurisdiction to file the notice of removal within 30 days of receipt by the defendant of the initial pleading or, if the case stated by the initial pleading is not removable, within 30 days after receipt by the defendant "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*.

### III.    DISCUSSION

   Plaintiff asserts that Defendant's counsel knew when they received Plaintiff's Complaint on March 2, 2022, that the parties were diverse and the amount in controversy exceeded the $75,000 required for federal diversity jurisdiction.[3]  Therefore, Defendant's Petition for

---

[3] Plaintiff's Complaint identified that "[a]t all times mentioned, Jeffrey Edward Carter was a resident of Clark County, Nevada." (Compl. ¶ 2, Ex. B to Resp. Am. Mot. Remand).  However, "[i]t is black letter law that, for purposes of diversity, residence and citizenship are not the same thing." *Seven Resorts, Inc. v. Cantien*, 57 F.3d 771, 774 (9th Cir. 1995) (citing *Mantin v. Broad. Music, Inc.*, 244 F.2d 204, 206 (9th Cir. 1995).  The Court finds that Plaintiff's Complaint did not adequately specify Plaintiff's citizenship.  The Court disagrees, however,

Removal, filed 35 days later on April 6, 2022, did not comply with the 30-day requirement under 28 U.S.C. § 1446. Defendant, in rebuttal, contends that its period to remove began when Plaintiff filed the REA because this "was the first motion, order, or other paper from which it could be ascertained that this case" was removable. (Pet. Removal ¶ 7). Specifically, Defendant argues that it became clear from the REA that Plaintiff seeks over $75,000 in damages. (*Id.*).

Pursuant to 28 U.S.C. § 1446, a defendant seeking removal to federal court must file the notice within 30 days of receipt of the initial pleading or, if the case stayed by the initial pleading is not removable, within 30 days after receipt of an amended pleading, motion, order, or "other paper" from which the defendant may first ascertain that the case is removable. When it is unclear from the face of pleadings whether the case is removable, the thirty-day clock is not triggered by the service of those pleadings. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005) ("We join with the other circuits that have adopted the same approach to indeterminate pleadings—the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin."). Furthermore, a defendant has no duty to investigate matters outside the complaint if the amount in controversy is unclear from the face of the complaint, and the 30-day deadline for removal does not begin at a time when the defendant may have subjectively known or could have known that the amount in controversy exceeded the jurisdictional amount through further inquiry. *Id.* at

---

that this prevented Defendant from removing within the initial 30-day window. 28 U.S.C. § 1446. As Plaintiff points out, in no filing after the "initial pleading [did] Plaintiff elaborate more about his residency." (Reply 6:27). It is incongruous for Defendant to claim that it lacked sufficient information to remove from the face of the Complaint, but then claim that complete diversity between the parties became ascertainable after receiving no additional information on Plaintiff's citizenship. At this stage of the case, Defendant was merely "required to allege (not to prove), diversity . . ." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Despite Plaintiff failing to specify his citizenship in the Complaint, the Court finds that Defendant was not prevented from removing within 30 days of receiving the Complaint. Therefore, the dispositive issue implicating this Court's jurisdiction is whether it was ascertainable from Plaintiff's Complaint that the amount in controversy exceeded $75,000.

694 ("We now conclude that notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.").

      Here, Plaintiff seeks general and special damages—both in excess of $15,000—undetermined punitive damages, and attorney's fees and costs for all claims. (Compl. ¶¶ 33, 36, Ex. B to Resp. Am. Mot. Remand).  Because Nevada's rules of civil procedure allow a plaintiff to generally plead damages "in excess of $15,000" without further specification, no adverse inference is made from Plaintiff's Complaint. Nev. R. Civ. P. 8(a)(4); *Cooper v. Gov't Emps. Ins. Co.*, No. 2:20-cv-2287, 2021 WL 374970, at *2 (D. Nev. Feb. 3, 2021) (making no adverse inference from plaintiff's complaint where plaintiff generally pled damages "in excess of $15,000" under Nevada's rules of civil procedure).  Therefore, while the Court does not adversely infer that Plaintiff's claims are below $75,000 simply because Plaintiff requested only an "excess of $15,000," without more information, the amount in controversy is not apparent on the face of the Complaint.

      Moreover, Plaintiff's REA standing alone is not "sufficient to establish the amount in controversy requirement." *Lamb v. FedEx Office and Print Servs., Inc.*, No. 2:20-cv-01883, 2021 WL 3361706, at *2 (D. Nev. June 11, 2021).  Rather, Plaintiff's REA "only demonstrates that the total amount in controversy exceeds $50,000." *Martinez v. Vons Companies, Inc.*, No. 2:16-cv-02380, 2017 WL 3785215, at *3 (D. Nev. Aug. 30, 2017) (citing *Martin v. Kroger*, No. 2:12-cv-01373, 2012 WL 5944748, at *2 (D. Nev. Nov. 27, 2012) (finding that a request for exemption from arbitration only indicated that additional unspecified damages sought by plaintiff were enough to place the amount in controversy above $50,000).  Accordingly, because Plaintiff's REA is not accompanied by assertions that the total amount in controversy exceeds the pled amount of $50,000, it is insufficient to establish the amount in controversy

///

requirement. *See McMahon v. Westgate Resorts, Inc.*, No. 2:13-cv-02304, 2014 WL 3721372, at *3 (D. Nev. July 24, 2014).

Plaintiff nevertheless contends that Defendant knew Plaintiff's Complaint satisfied the amount-in-controversy requirement because the Demand Letter Defendant received "contained the same request for $21,358.63" for Plaintiff's medical expenses as was later provided in the REA.[4] (Am. Mot. Remand 3:1–4). Plaintiff thereby asserts that the Complaint, when viewed in conjunction with the Demand Letter, notified Defendant that Plaintiff sought damages exceeding $75,000. (*Id*. 3:1–10).

The Ninth Circuit has held that "a demand letter sent during the course of the state action can constitute an 'other paper' within the meaning of section 1446(b) if it reflects a reasonable estimate of the plaintiff's claim." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2007)). However, a demand letter sent prior to the initial pleading cannot give notice of removal. *Id*. (citing *United States v. Williams*, 553 U.S. 285, 294 (2008).

Here, Plaintiff sent Defendant the Demand Letter on July 1, 2020. (*See generally* Demand Letter, Ex. A to Resp. Am. Mot. Remand). Because the Demand Letter was sent one-and-a-half years before Plaintiff filed the instant Complaint, the Court concludes that Plaintiff's pre-litigation Demand Letter cannot be deemed incorporated into Plaintiff's Complaint for the purposes of ascertaining amount in controversy. *See Harris*, 425 F.3d at 694; *Carvalho*, 629 F.3d at 885–86, *Doiel v. Smith's Food & Drug Ctr., Inc.*, No. 3:19-cv-00390, 2019 WL 4731947, at *2 (D. Nev. Sept. 27, 2019). It is unclear from the face of Plaintiff's Complaint that the amount-in-controversy requirement is satisfied. Thus, Defendant timely removed

---

[4] Plaintiff's argument is derived from Defendant's assertion that Plaintiff's REA was "the first document outlining Plaintiff's damages and expressing an intent to obtain an award in excess of fifty-thousand dollars ($50,000)." (Resp. Am. Mot. Remand 7:15–19). Specifically, both the Demand Letter and REA stated that Plaintiff sought $21,358.63 in medical expenses. (REA 12:25–13:9, Ex. B to Pet. Removal, ECF No. 1-2); (Demand Letter at 2, Ex. A to Resp. Am. Mot. Remand). Therefore, Plaintiff posits that Defendant cannot contend that it first became aware that Plaintiff's claim was for damages in excess of $75,000 when it received the REA because the substance of the Demand Letter is nearly identical to the REA.

within 30 days of receiving Plaintiff's REA in the state court proceeding. *See Doiel*, 2019 WL 4731947, at *2 (rejecting a plaintiff's argument that defendant should have been aware of the case's removability based on a pre-litigation demand sent by the plaintiff and finding that the defendant timely removed within 30 days of receiving the plaintiff's notice for exemption from arbitration).

Based on the foregoing, the Court finds that Defendant's removal was timely. While Defendant's removal was timely, the Court notes that Plaintiff's filings discussed above never established that the amount in controversy requirement was met. The Court will retain jurisdiction over this case, however, because Plaintiff clarified in his Reply that he seeks "the sum of the limits of Defendant's insurance policy." (Reply 8:1–4). Plaintiff further articulated that based on the size of Defendant's business, its "policy limits are easily greater than $75.000." (*Id.*). Accordingly, the Court finds that Defendant's removal was timely, and the requirements for diversity jurisdiction are met.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Amended Motion to Remand, (ECF No. 17), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand, (ECF No. 8), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting Hearing, (ECF No. 18), is **DENIED as moot.**

**DATED** this __24__ day of October, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT