1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SAMMANTHA NIEMEIER as Special )
Administrator of the Estate of JEFFREY )
CARTER, )
                                 )
          Plaintiff, )
    vs. )
                                 )
THE VONS COMPANIES, INC., *et al.*, )
                                 )
          Defendants. )
_____ )

Case No.: 2:22-cv-00665-GMN-VCF

**ORDER**

Pending before the Court is Defendant The Von Companies, Inc.'s ("Defendant's") Motion for Partial Summary Judgment, (ECF No. 24).  Plaintiff Jeffrey Edward Carter[1] ("Plaintiff") filed a Response, (ECF No. 27), to which Defendant filed a Reply, (ECF No. 28).

For the reasons discussed below, the Court **GRANTS** Defendant's Partial Motion for Summary Judgment.

## I.    <u>BACKGROUND</u>

This is a premises liability action removed from state court.  Plaintiff alleges that on February 16, 2020, while exiting Defendant's store, a flatbed trolley collided into him as a result of Larry Spahr's, Defendant's employee, negligence. (Compl. ¶ 12, Ex. B to Resp. Am. Mot. Remand, ECF No. 19-2); (Witness Statement at 2, Ex. D to Mot. Partial Summ. J. ("Mot. PSJ"), ECF No. 24-4).  Plaintiff further alleges that as a result of the collision, he suffered serious injuries, which required medical attention. (Compl. ¶¶ 19–20, 30–32, Ex. B to Resp. Am. Mot. Remand); (Incident Photographs at 6, Ex. 2 to Resp., ECF No. 27-2).  According to

---

[1] Jeffrey Edward Carter passed away prior to the initiation of this lawsuit. (Compl. ¶ 3, Ex. B. to Resp. Am. Mot. Remand, ECF No. 19-2).  Sammantha Niemier was appointed Special Administrator of the Estate of Jeffrey Edward Carter. (*Id.*).  Sammantha Niemier now brings the instant action on Jeffrey Edward Carter's behalf.

Plaintiff, Defendant had a duty to maintain the premises and breached this duty by permitting its employee to operate the trolleys in an unsafe manner. (Compl. ¶¶ 16–18, Ex. B to Resp. Am. Mot. Remand).

Specifically, Plaintiff alleges that surveillance footage still-shots recording the incident show that Larry Spahr[2] ("Spahr") had stacked equipment on the flatbed trolley to such a height that his vision was obscured.[3] (Resp. 5:24–6:2, ECF No. 27); (Incident Photographs at 2–4, Ex. 2 to Resp.); (Surveillance Footage 1–3, Ex. 3 to Resp., ECF No. 27-3). Section at 7.2 of Defendant's General Safety Handbook, titled "Lifting and Moving Equipment," specifies that employees operating "utility carts" must "be able to see over the load." (General Safety Handbook at 20, Ex. 1 to Resp., ECF No. 27-1). The General Safety Handbook further states that employees operating utility carts "must be careful to watch out for the sides of a large load to avoid damaging the store shelves or other property." (*Id.*, Ex. 1 to Resp.). Defendant disclosed that since 2017, two other customers were hit by a cart operated by one of its employees. (Defendant's Answers to First Interrogatories 14:19–15:6, Ex. 4 to Resp., ECF No. 27-4).

Plaintiff filed the present Complaint in the Eighth Judicial Court of Nevada asserting the following causes of action: (1) negligence, and (2) negligent hiring, training, retention, and supervision. (Compl. ¶¶ 13–36, Ex. B to Resp. Am. Mot. Remand). Defendant subsequently removed this action to federal court on the basis of diversity jurisdiction. (*See generally* Pet. Removal, ECF No. 1). On October 24, 2022, Defendant filed the present Motion for Partial Summary Judgment. (*See generally* Mot. PSJ, ECF No. 24).

---

[2] Spahr subsequently passed away during the pendency of this lawsuit. (Resp. 2:22–23, ECF No. 27).
[3] The Court has reviewed the surveillance footage still-shots relied on by Plaintiff. The Court separately notes that the still-shots fail to support Plaintiff's contention that Spahr had unreasonably stacked the cart too high when compared to the height of Spahr. (Surveillance Footage 1–3, Ex. 3 to Resp.).

## II.   <u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is a sufficient evidentiary basis on which a reasonable fact-finder could rely to find for the nonmoving party. *See id.*  "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal quotation marks and citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by

demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  However, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quotation marks and citation omitted).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.

The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is "merely colorable or is not significantly probative, summary judgment may be granted." *See id.* at 249–50 (internal citations omitted).

## III.    DISCUSSION

Defendant now moves for partial summary judgment on Plaintiff's negligent hiring, training, supervision, and retention claim. (*See generally* Mot. PSJ).  The claim can be bifurcated into two separate causes of action: (1) negligent hiring and retention, and (2) negligent training and supervision.  The Court discusses each below.

The tort of negligent hiring imposes, "a general duty on an employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." *Hall v. SSF, Inc.*, 930 P.2d 94, 98 (Nev. 1996).  This duty is breached when the employer "hires an employee even though the employer knew, or should have known, of that employee's dangerous propensities." *Id*.

An employer also "has a duty to use reasonable care in the training, supervision, and retention of his or her employees to make sure that the employees are fit for their positions." *Id.* at 99.  The elements of a claim for negligent training and/or supervision are: (1) a general duty on the employer to use reasonable care in the training and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation. *Carson v. Walmart, Inc.*, No. 2:20-cv-00005, 2021 WL 5108752, at *3 (D. Nev. Sept. 27, 2021).  In order to prevail on a negligent training or supervision claim, the plaintiff must allege facts specifically indicating how the employer violated its duty. *Colquhoun v. BHC Montevista Hospital, Inc.*, No. 2:10-cv-00144, 2010 WL 2346607, *3 (D. Nev. June 9, 2010) "The fact that an employee acts wrongfully does not in and of itself give rise to a claim for negligent hiring, training, or supervision." *Id*.

As an initial matter, Plaintiff's response to Defendant's Motion for Partial Summary Judgment only addresses Defendant's alleged negligent training and supervision, making no arguments concerning hiring or retention. (Resp. 3:1–7:4). "Furthermore, Plaintiff presents no evidence pertaining to Defendant's hiring policies, background checking procedures, or knowledge of hiring employees with dangerous tendencies." *Carson*, 2021 WL 5108752, at *3. Accordingly, summary judgment will be granted in favor of Defendant as to Plaintiff's claim for negligent hiring and retention.

Turning to Plaintiff's negligent training and supervision claim, Defendant contends that this claim fails because there is no evidence which shows that Defendant negligently trained or supervised its employees. (Mot. PSJ 5:15–7:5). Instead, Defendant argues that Plaintiff improperly maintains that Defendant negligently trained or supervised its employees solely because the accident happened. (Reply 4:1–19, ECF No. 28). In response, Plaintiff contends that Spahr was a long-time employee of Defendant, and that his decision to negligently operate the flatbed trolley after years of employment evidences that Defendant failed to adequately train and supervises its employees. (Resp. 5:1–7:4). Plaintiff additionally notes that Defendant's were on-notice of its employees' negligent behavior because two other customers were hit a cart operated by a store employee since 2017. (Defendant's Answers to First Interrogatories 14:19–15:6, Ex. 4 to Resp.); (Resp. 7:17–22).

Here, Plaintiff's broad allegations are not specific enough to survive summary judgment, nor has he provided evidence to support his claims.[4] Plaintiff's contention that Spahr's contravention of Defendant's safety-policy demonstrates a general failure to train and supervise

---

[4] Indeed, the Court again notes that the central theory behind Plaintiff's claim is unsupported by the record before the Court. Specifically, Plaintiff's claim is derived from Spahr stacking the trolley-court too high when compared to the height of Spahr in violation of Defendant's General Safety Handbook. But a reasonable jury could not find that Spahr had stacked the boxes too high viewing the surveillance footage still-shots relied on by Plaintiff. (Surveillance Footage 1–3, Ex. 3 to Resp.). A natural perquisite to a claim for negligent training or supervision is that the employee first engaged in negligent conduct. Here, the surveillance footage still-shots fail to demonstrate that Spahr had negligently stacked the boxes on the trolley-cart.

employees is conjecture that is unsupported by the record before the Court. *See Amaro v. Target Corp.*, No. 2:18-cv-01188, 2019 WL 1557428, at *4 (C.D. Cal. Apr. 9, 2019) ("Even in this current state of alternate facts, simply saying a thing does not make it so . . . . Amaro must support her claims with more than mere speculation in opposing summary judgment.").  The fact remains that an employee's "wrongful behavior does not in and of itself give rise to a claim for negligent training and supervision." *Walker v. Venetian Casino Resort, LLC*, No. 2:10-cv-00195, 2012 WL 4794149, at *11 (D. Nev. Oct. 9, 2012) (citation omitted).  Even drawing all inferences in favor of Plaintiff, "besides the mere fact that the dangerous condition existed and the accident happened," there is no evidence "in the record to show that Defendant negligently train[ed] or supervised its employees." *Carson*, 2021 WL 5108752, at *3; *see Zambrano v. Cardenas Markets, Inc.*, No. 2:16-cv-01659, 2017 WL 3469272, at *2 (D. Nev. Aug. 10, 2017) (noting that a "rote allegation that Defendant's employees acted negligently is insufficient to establish" a claim for negligent hiring, training, or supervision).   Accordingly, the Court GRANTS Defendant summary judgment as to Plaintiff's negligent hiring, training, supervision, and retention claim.[5]

///

///

///

---

[5] For the reasons set forth above, the Court similarly notes that the sole fact that two other employees negligently operated a cart since 2017, without more, does not evidence a general failure to train or supervise employees. The Court agrees with Plaintiff that "[v]iewing this evidence in the light most favorable to Plaintiff as the nonmoving party, a reasonable trier of fact could find that [Defendant] had knowledge that its [] carts occasionally hit customers." *Carlson v. Sam's West, Inc.*, No. 2:17-cv-02882, 2020 WL 1862115, at *3 (D. Nev. Feb. 10, 2020).  The Court disagrees, however, that this wrongful behavior necessarily supports a claim for negligent training or supervision.  Again, an employee's "wrongful behavior does not in and of itself give rise to a claim for negligent training and supervision." *Walker*, 2012 WL 4794149, at *11 (citation omitted).  Plaintiff must offer evidence challenging the adequacy or completeness of Spahr's training or show that Spahr had issues with the trolley-carts prior to the incident at issue.  As Plaintiff has not done so here, he has failed to meet his burden in opposing summary judgment. *See Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991) (noting that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts").

**IV.    CONCLUSION**

      **IT IS HEREBY ORDERED** that Defendant's Motion for Partial Summary Judgment, (ECF No. 24), is **GRANTED**.

      **IT IS FURTHER ORDERED** that within twenty-one days of the entry of this Order, the parties shall file a Proposed Joint Pretrial Order.

      **DATED** this ___31___ day of January, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT